[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14165
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00452-MTT


ROBERT LEE SHOCKLEY, JR.,

Plaintiff-Appellant,

versus

CAPTAIN JIMMY BARBEE, et al.,

Defendants,

MACON BIBB COUNTY GEORGIA,
SHERIFF DAVID DAVIS,
in his official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 27, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Robert Shockley, an African-American male proceeding pro se, appeals the district court's entry of summary judgment against him in his employment discrimination lawsuit alleging race-based harassment and retaliation, as well as the district court's statement that it would tax him with costs. Shockley filed this suit against Macon-Bibb County and David Davis in his official capacity as Sheriff of Macon-Bibb County (collectively, the County).[1] On appeal, Shockley contends the district court erred in: (i) converting the County's partial motion for judgment on the pleadings into a motion for summary judgment; (ii) entering summary judgment for the County on his hostile work environment claim; (iii) entering summary judgment for the County on his retaliation claim; and (iv) stating that it intended to tax him with costs. We address each of these contentions in turn and, for the reasons provided, affirm in part and dismiss in part.

## I.  DISCUSSION

### A. *Converted Motion for Summary Judgment*

Federal Rule of Civil Procedure 12(c) provides that a party may move for a judgment on the pleadings after the pleadings are closed. If, however, "matters outside the pleadings are presented to and not excluded by the court, the motion

---

[1] Shockley named other individuals as defendants in his original complaint, but omitted them from his amended pleading.

2

must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). Shockley contends it was improper for the district court to convert the County's partial motion for judgment on the pleadings into a motion for summary judgment because Shockley did not present the district court with any matters outside the pleadings when responding to the County's partial motion for judgment on the pleadings—instead, Shockley presented matters outside the pleadings when responding to the County's contemporaneous partial motion for summary judgment.

We disagree. Although the matters outside the pleadings were not technically presented in response to the County's partial motion for judgment on the pleadings they were nonetheless before the court, which had the discretion to consider them in connection with the County's partial motion for judgment on the pleadings. Moreover, in accordance with Rule 12(d), the district court gave Shockley an additional fourteen days to present additional materials pertinent to the motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (if a 12(c) motion is treated as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). Shockley submitted no additional materials. The district court operated within its discretion and in compliance with the Federal Rules of Civil Procedure. Accordingly, we find no error.

3

*B. Shockley's Hostile Work Environment Claim*[2]

Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, "because of such individual's race . . . ."  42 U.S.C. § 2000e–2(a)(1). When a plaintiff presents a claim based on harassment by a supervisor, he must show that (1) he belongs to a protected group, (2) he has been subject to unwelcome harassment, (3) the harassment was based on a protected characteristic of the employee, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, and (5) the employer was responsible for such environment under either a theory of vicarious or direct liability.  *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 & n.4 (11th Cir. 1999) (en banc).

Only conduct "based on" a protected category, such as race, may be considered in a hostile work environment analysis.  *See Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 584 (11th Cir. 2000), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301-02 (11th Cir. 2007) ("Title VII . . . does not prohibit harassment alone, however severe and pervasive.

---

[2] We review de novo the granting of a motion for summary judgment, applying the same standard the district court employed.  *Williams v. BellSouth Telecom, Inc.*, 373 F.3d 1132, 1134 (11th Cir. 2004).

4

Instead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category . . . .").

As before the district court, Shockley emphasizes witness testimony that he was "singled out" for harassment by Barbee. But none of that testimony reflects that Shockley was singled out based on his race. The only testimony Shockley presents on appeal that arguably supports the conclusion that the harassment was race-based is testimony that Barbee called Shockley "boy" when instructing him to wash Barbee's car. However, none of the testimony Shockley cites in his briefing is in conflict with the district court's decision to grant summary judgment in favor of the County.

First, Shelly Rutherford testified that *Shockley told her* that Barbee said something like, "I need you to go wash my car, boy." She further testified that she believed tossing the keys to Shockley was a racist act because Barbee could easily have given them to one of the Caucasian men nearby. But Rutherford did not see the interaction. Similarly, Sergeant Pam Williams heard from a third party that Barbee said, "Hey, boy. Go get my car washed." She "didn't hear it personally." Both statements are being offered for the truth of the matter asserted and neither falls within an exception to the hearsay rule. Accordingly, each of these two statements falls within the ambit of the general rule that inadmissible hearsay

5

cannot be considered on a motion for summary judgment. *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999).

Finally, Shockley cites the following excerpt from Carlos Mosley's testimony: "But, for . . . all that . . . to take place, and for me to see that, you know, that hear, the keys jingling and him, I . . . felt like it was, like . . . it was saying it was a slap in the face. Like, go wash my car boy." Importantly, Mosley clarifies elsewhere that he did not hear Barbee call Shockley boy; rather, Mosley heard Barbee throw the keys and "say . . . either. . . wash it again or do it again, or something like that." Mosley, who walked into the room after Barbee had departed, asked Shockley, "Hey, what's going on?" and, receiving no response, inquired, "You his do boy?" Thus, Mosley's testimony does not show Barbee used racially charged language in his discussion with Shockley.

Shockley has presented no other evidence that Barbee's treatment of him was based on race. Indeed, in his deposition Shockley acknowledged that the only indication that his treatment was race-based, apart from his own perception, was the fact that Barbee did not treat anyone else as harshly; however, Shockley also acknowledged during his deposition that approximately seven to ten other African-Americans also worked with Barbee. We affirm the district court's grant of summary judgment on Shockley's hostile work environment claim because he has not shown Barbee's ill-treatment of him was racially motivated.

*C. Shockley's Retaliation Claim*

Title VII prohibits employers from retaliating against an employee because he has opposed "an unlawful employment practice" or because he has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."  42 U.S.C. § 2000e-3(a).  A claim for retaliation based on circumstantial evidence is analyzed according to the burden-shifting analysis originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).

To establish a *prima facie* retaliation claim under Title VII, a plaintiff may show that (1) he engaged in statutorily protected speech; (2) he suffered a materially adverse action; and (3) the adverse action was causally related to the protected expression.  *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016).  In order to demonstrate that he engaged in a statutorily protected activity, a plaintiff must demonstrate that (1) he had a subjective belief that his employer was engaged in an unlawful employment practice and (2) his belief was objectively reasonable.  *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997).

Once the plaintiff has established a *prima facie* case, and the employer articulates a legitimate, nondiscriminatory reason for its action, the plaintiff must rebut the latter and show pretext.  *Pennington v. City of Huntsville*, 261 F.3d 1262,

7

1266 (11th Cir. 2001).  A reason cannot be a pretext for retaliation unless it is shown both that the reason was false, and that a retaliatory purpose was the real reason.  *Cf. St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).  To show pretext, a plaintiff cannot recast the reason but must meet it head on and rebut it. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012).  To do so, the plaintiff may rely on the evidence offered initially to establish the *prima facie* case.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004).

The district court did not err in granting summary judgment on Shockley's retaliation claim. The affidavits of Shockley's supervisors, the transcript of Shockley's internal investigation questioning, and the decision to move Shockley back once Barbee changed departments all support the legitimate, nondiscriminatory explanation provided—namely that Shockley was relocated to avoid a physical altercation with Barbee.  For example, when asked during the internal investigation questioning whether the situation would become physical, Shockley responded: "I can tell you this, as far as with me doing something, I've held my own for this long because I'm trying not to do [anything] crazy to [him]. But I've already let him slide twice putting his hands on me.  Twice.  Twice.  So I ain't, *I'm not going to take that no more*."  The day after the interview, Shockley was instructed to move all of his things to another building about a block away. We affirm the district court's grant of summary judgment on Shockley's retaliation

claim because he did not show that the County's legitimate, nondiscriminatory reason for moving him was pretextual.

*D. Costs*

Appellate jurisdiction is limited to final decisions of the district court.  *See* 28 U.S.C. § 1291.  An order which finds a party liable for costs without determining the amount is not a final order.  *Mekdeci v. Merrell Nat'l. Labs*., 711 F.2d 1510, 1523 (11th Cir. 1983). Although the district court announced its intention to award costs to the County, it has yet to fix the amount.  As a result, we lack jurisdiction to review the putative assessment of costs, and must dismiss the appeal in this respect.

## II.   CONCLUSION

The district court did not err in granting summary judgment for the County on Shockley's hostile work environment claim because Shockley failed to show any harassment he suffered was based on his race.  Nor did the district court err in granting summary judgment on Shockley's retaliation claim because he failed to show the decision to relocate him was pretext for discrimination. We do not have jurisdiction to review the district court's non-final statement regarding costs.

**AFFIRMED IN PART, DISMISSED IN PART.**